FULL NAME
GREGORY ARISTOTLE LYONS
COMMITTED NAME (if different)

22726 S. Van Deene Ave
FULL ADDRESS INCLUDING NAME OF INSTITUTION

Torrance. Calif 90502 310 618-1824

PRISON NUMBER (if applicable)
IN PRO PER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GREGORY ARISTOTLE LYONS

PLAINTIFF,

v.

LOS ANGELES SUPERIOR
COURT,-SOUTH DISTRICT, HON CHET
L.TAYLOR. OLAF J. MULLER, KEITH
ALLEN EINK. TIA SCHILLER

DEFENDANT(S).

CASE NUMBER

CV11-04823 (DTB)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** (Check one)
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☒ No

2. If your answer to "1." is yes, how many? N/A

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)



LODGED
CLERK, U.S. DISTRICT COURT

JUN - 7 2011

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

---

**CIVIL RIGHTS COMPLAINT**

a. Parties to this previous lawsuit:
Plaintiff <u>N/A</u>

Defendants <u>N/A</u>

b. Court

c. Docket or case number

d. Name of judge to whom case was assigned

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?)

f. Issues raised:

g. Approximate date of filing lawsuit:

h. Approximate date of disposition

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes   ☒ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff <u>GREGORY ARISTOTLE LYONS</u>
(print plaintiff's name)

who presently resides at <u>22726 S. Van Deene Ave Torrance Calif 90502</u>,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
<u>Los Angeles Superior Court Central District / Los Angeles Superior Court - South District</u>
(institution/city where violation occurred)

CIVIL RIGHTS COMPLAINT

on (date or dates) _____ 1/24/11 _____, _____ 2/28/11 _____, _____ 4/19/11 _____.
                          (Claim I)                    (Claim II)                    (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant   Los Angeles Superior Court _____ resides or works at
                 (full name of first defendant)

                 415 W OCEAN BLVD Los Angeles Calif 90802 _____
                 (full address of first defendant)

                 _____
                 (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     Violation of Plaintiff's Rights under Federal Law is Taking Place at this Location _____

     _____

2.   Defendant   Hon Chet L. Taylor _____ resides or works at
                 (full name of first defendant)

                 415 OCEAN BLVD Los Angeles Calif 90802 _____
                 (full address of first defendant)

                 Los Angeles Superior Court Judge _____
                 (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☐ individual   ☒ official capacity.

     Explain how this defendant was acting under color of law:

     Violation of the Sixth Amendment Violation of Civil Rights under Retaliation _____

     _____

3.   Defendant   OLAF J. MULLER _____ resides or works at
                 (full name of first defendant)

                 11500 Olympic Blvd Suite 316 Los Angeles Calif 90064 _____
                 (full address of first defendant)

                 Attorney at Law _____
                 (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     Violation of Sixth Amendment Violation of Civil Rights under Retaliation _____

     _____

4.  Defendant   Keith Allen Fink _____   resides or works at
                (full name of first defendant)

                11500 Olympic Blvd suite 316 Los Angeles Calif 90064 _____
                (full address of first defendant)

                Attorney At Law _____
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

Violation of Sixth Amendment Violation of Civil Rights under Retaliation _____

_____

5.  Defendant   Tia Schiller _____   resides or works at
                (full name of first defendant)

                2776 Pacific Ave Long Beach Calif 90806 _____
                (full address of first defendant)

                Vic President of H.R. _____
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

Violation of Sixth Amendment and Violation of Civil Rights _____

_____

## D. CLAIMS*

### CLAIM I

The following civil right has been violated:

Violation of due process rights, and violation of the rights under the Confrontation Clause of the Sixth Amendment Thus

Crawford v Washington ( 2004) 541 U.S. 36 Violation of Title VII of the Civil Rights Act of 1964 under retaliation for filing

a charge with a State Agency. Violation of double jepordey. Retaliation based upon hearsey. Discrimination based upon race

In that the Hon Chet L. Taylor will not allow me to look at the public court file in case no NS023726, NS023727, NS023728

and NS023758, unless I have his court appointed attorney Rachel Ellis present and she must request the above files on my

behalf. I am not allowed to review the evidence against me, I am not allowed to assist in my own defense, I am not allowed

to file an ex-party application or have a hearing to any of these secret charges that have been brought against me, by Keith

Allen Fink and Olaf Muller. I was informed by Rachel Ellis on June 6, 2011 at 5:05 PM, that the Hon Chet L. Taylor would

Not allow my Ex-party application of 6-6-11 to be heard until June 23, 2011 I was also informed By Rachel Ellis that my

Motion of June 9. 2011 would not be heard until Keith Allen Fink and Olaf Muller return from their vactation in Europe on

or about June 23. 2011. I have asked Rachel Ellis to file an Emergency Writ of Mandate on my behalf based on these

violations of my Civil Rights, and I have been met with the response from Rachel Ellis of the fact that the Hon Chet L

Taylor appointed her, and she must take the orders from him not the person / plaintiff whos rights are being violated

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

On OCT 4. 2009 I retained the law office of Jame Autrey to file a lawsuit on my behalf, against Health-Smart DBA Pacific

Hospital of Long Beach Los Angeles Superior Court Case No BC429084. On Jan 24. 2011 Keith Allen Fink and Olaf Muller

filed a 4th (TRO) against me, while the Civil case for the Wtongful Termination was pending. The Hon Chet L. Taylor

signed the (TRO) in case no NS023604 on Jan 24. 2011. B. Kwaku Duren who is my attorney of record in case no

BC429084 did not speak up, or protect my rights. Keith Allen Fink and Olaf Muller have now obtained 4 more (TRO's) agair

me since Feb 28.2011. The Hon Chet L. Taylor has shown biased and prejudiced against me since March 15. 2011 by not

allowing me to work in my chosen profession as a licensed armed security guard. The Hon Chet L. Taylor has put so many

restrictions on my movement that I am forced to wait at my place of residence while I am on suspension with out pay, from

current employment with RMI INTERNATIONAL. The Federal Court has jurisdiction in this matter because of violation of

sixth amendment of the U.S. Contitution under confrontation clause. The Federal Court also has jurisdiction to this matter

under the retaliation provision of Title VII. Because the civil complaint case no BC429084 and the 4 (TRO's) are related the

plaintiff Gregory Aristotle Lyons is asking the Federal Court to intervene at this time, and transfer case no NS023726,

NS023727, NS023728, and NS023758, to the Federal Court See attached Motion Exhibits (A) ( B)

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

The Plaintiff is entitled to a full blown hearing, as to the claim of retaliation for filing a lawsuit concerning a protected activity.

The Plaintiff would respectfully request that all 4 (TRO's) be dissolved by the Federal Court with in 5 business days. The Plaintiff

would also request that each named defendant be enjoined from harassing the plaintiff with false (TRO's). The Plaintiff would

also request a hearing as to the compensatory and punitive damages that the plaintiff has suffered under retaliation for filing the

wrongful termination claim. The Plaintiff will contiue to suffer irreparable harm, as the plaintiff has been removed from his job

and the Hon Chet L. Taylor has placed the plaintiff in a catch 22 pharse, in that no employer will hire the plaintiff based upon

these 4 (TRO's) the plaintiff is not allowed to collect any unemployment/ State or Federal Benefits. The plaintiff is restricted from

obtaining any employment until the Hon Chet L. Taylor decides as to when and if the Plaintiff can ever work again. No

allegations have ever been proven against the Plaintiff. On June 3. 2011 The Plaintiff met with the Long Beach Sheriff's

Department and made a police report URN 911-00244449144 Ref 40020110603103 As to Defendant's Olaf J. Muller and Keith

Allen Fink for Violation of Calif Penal Code Section 118 (i). Plaintiff would request that damages be awarded in favor of the

Plaintiff and against all Defendant's in the amount of $10,000,000 dollars. And the a Permanant injuction be granted against each

Defendant in favor of the Plaintiff, and that Each named Defendant be enjoined from threating, harrasing, stalking, and threating

The Plaintiff, and the Plaintiff's immediate family. And for such other relief the Court deems proper.

6/7/11

*(Date)*

*(Signature of Plaintiff)*

Exhibit (A)

1   Rachel Ellis, SBN 195325
    LAW OFFICE OF RACHEL ELLIS
2   3532 Katella Ave., Suite 112
    Los Alamitos, CA 90720
3   Phone (562) 594-9662/Fax (562) 594-0788

4   ATTORNEY FOR: the Respondent, Greg A. Lyons

5

6

7

8

9

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 0 7 2011

John A. Clarke, Executive Officer/Clerk

By_____
                        DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 10  IN RE THE MATTER OF: ) | **CASE NO. NS023726** |
| 11  HEALTHSMART, D.B.A. ) | (related to NS023727,NS023728,NS023758) |
|     PACIFIC HOSPITAL OF LONG BEACH, ) | |
| 12  A CORPORATION, acting on behalf of ) | EX PARTE MOTION TO DISSOLVE |
|     employee, TIA SCHILLER ) | FOUR TEMPORARY RESTRAINING |
| 13                        ) | ORDERS OR SOME OF THEM; |
|           Plaintiff       ) | PROPOSED ORDERS ATTACHED |
| 14                        ) | |
|           vs.             ) | |
| 15                        ) | Hearing Date: June 9, 2011 |
|     GREG A. LYONS         ) | Time: 8:30 a.m. |
| 16                        ) | Court/Division: Long Beach 4 |
|           Respondent      ) | **Honorable Judge Chet L. Taylor** |
| 17  _____) | |

18          **TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

19          This Ex Parte Motion is to Dissolve the four (4) temporary restraining orders (TROs)

20   corresponding to the above cases, or at a minimum, two of them should be granted.  The

21   Respondent, Greg Lyons has had no contact with Tia Schiller since September 13, 2009 and no

22   contact with Jennifer Patterson since the Court's order on February 8, 2011.  The only contact

23   Mr. Lyons has had with Keith Fink and Olaf Muller have been in regards to his cases when Mr.

24   Lyons did not have legal representation.  For example, in his declaration regarding his contact

25   with Tia Schiller, Mr. Lyons' states:

26   "The last time I spoke with her was on September 13, 2009, while I was employed at "PHLB."
     Since that time, I have had no contact with her, by any means, either directly, by phone, fax, e-
27   mail or a third party."

28   _____
             Motion to Dissolve Temporary Restraining Orders  (Civil Code §533)
                                          1

1    Based upon these facts, the Respondent requests that the Court sign the attached

2    individual Proposed Orders to dissolve the four (4) TROs.

3    Dated: June 7, 2011

4    *Rachel Ellis*

     **Rachel Ellis, Attorney for the Respondent**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF RACHEL ELLIS

I, Rachel Ellis, am the attorney of record for Greg A. Lyons regarding the four TROS handled in department 4 of the Long Beach courthouse, namely cases NS023726, NS023727, NS023728 and NS023758.

I know these facts of my own personal knowledge, and if called as a witness, I could and would testify as to the truth of the following facts:

1) Although I filed an Ex Parte motion in the morning of June 6, 2011 for a June 7, 2011, Kevin, the clerk in department 4 called me in the late afternoon of June 6, 2011. He informed me that it would be continued until June 23, 2011, **without a hearing on June 7, 2011.** Thus, after contact with my client on June 6, 2011, it was necessary to prepare this Ex Parte motion before 5:00 a.m. this morning at my office for a hearing today. (All other information regarding Mr. Lyons' lack of notice are discussed in the Motion to Dissolve Temporary Restraining Orders filed on June 6, 2011 and noted below)

2) The TRO in case no. NS023726 should be dissolved because Tia Schiller is listed as the protected person. As noted in his declaration filed with the motion on June 6, 2011, Mr. Lyons states, "The last time I spoke with her was on September 13, 2009, while I was employed at "PHLB." Since that time, I have had no contact with her, by any means, either directly, by phone, fax, e-mail or a third party."

3) Similarly, the TRO in case no. NS023728 should be dissolved because Jennifer Patterson is listed as the protected person. Since the Court ordered Mr. Lyons have no contact with her on February 8, 2011, he has not contacted her by any means, either directly, by phone, fax, e-mail or a third party.

4) The TROs in cases no. NS023727 and NS023758, regarding Olaf Muller and Keith Fink, as the respective protected persons, should also be dissolved. The only contact the Respondent states he has had with these individuals is in regards to these cases. At the times Mr. Lyons had contact with these attorneys, it was primarily via e-mails. The Respondent was a pro per litigant

1  and did not have an attorney assigned to his cases.  Thus, he had to mail documents to them and

2  contact them.

3  5. After I informed the Respondent on June 4, 2011 that his hearing would be continued from

4  June 9 until June 23, 2010, he made continuous calls to my office during the evening of June 4,

5  2011 and morning of June 5, 2011, such that my mail box was "full" and no other messages

6  could be retrieved.  Thus, on Sunday, June 5, 2011 I spent many hours preparing the first Ex

7  Parte motion for the Respondent.  I requested a June 7, 2011 hearing date.

8  6. After I telephoned my client during the late afternoon of June 6, 2011 that the Court would

9  continue the Ex Parte motion filed on June 6, 2011 would be continued to June 23, 2011, I sent

10  him a subsequent e-mail.  Thus, he left approximately twelve (12) messages on my voice mail.

11  Since my "mail box was full," on my message system, I called him again last night and informed

12  him that I would write and file this motion today, June 7, 2011.

13  8. Since I had plans after work (eg. Long Beach duty day in department 8 on June 6), I called Mr.

14  Lyons at approximately 10:00 p.m. yesterday, June 6, 2011 and let him know that I would file

15  this motion.  Thus, I was in my office before 5:00 a.m. preparing it.

16  9. I do believe Mr. Lyons is entitled to a hearing regarding the Court's plans concerning his

17  matters. At a minimum, the TROs concerning case numbers NS023726 and NS023728, with Tia

18  Schiller and Jennifer Patterson, as the respective protected persons, should be dissolved. Mr.

19  Lyons has had no contact with either one of them, as noted here.  Proposed orders are attached as

20  Exhibit A.

21         I declare under penalty of perjury under the laws of the State of California that the herein

22  statements are true and correct.

23  Dated: June 7, 2011

24  _____

25  **Rachel Ellis, Attorney for the Respondent, Greg A. Lyons**

26

27

28

# EXHIBIT A

1   Rachel Ellis, SBN 195325
    LAW OFFICE OF RACHEL ELLIS
2   3532 Katella Ave., Suite 112
    Los Alamitos, CA 90720
3   Phone (562) 594-9662/Fax (562) 594-0788

4   ATTORNEY FOR: the Respondent, Greg A. Lyons

5

6

7               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                   **FOR THE COUNTY OF LOS ANGELES**

9

10  IN RE THE MATTER OF:              )    **CASE NO. NS023728**
    HEALTHSMART, D.B.A.              )
11  PACIFIC HOSPITAL OF LONG BEACH,  )
    A CORPORATION, acting on behalf of )
12  employee, TIA SCHILLER           )
                                      )
13                                    )    **PROPOSED ORDER DISSOLVING**
    Petitioner                        )    **TEMPORARY RESTRAINING ORDER**
14                                    )
                vs.                   )
15                                    )
                                      )
    GREG A. LYONS                     )
16                                    )
                Respondent            )
17  _____ )

18  TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19      After full consideration of all the documents, hearings and other pleadings in this

20  case, the COURT finds GOOD CAUSE to grant the Respondent's request to dissolve the

21  temporary restraining order in this case, namely "Healthsmart Pacific, Inc. on behalf of Jennifer

22  Patterson."

23  IT IS SO ORDERED:

24

25  DATED:_____

26                                  _____
                                    HONORABLE CHET L. TAYLOR
27                                  JUDGE OF THE SUPERIOR COURT

28  _____
        Motion to Dissolve Temporary Restraining Orders  (Code of Civil Procedure §533)

1   Rachel Ellis, SBN 195325
    LAW OFFICE OF RACHEL ELLIS
2   3532 Katella Ave., Suite 112
    Los Alamitos, CA 90720
3   Phone (562) 594-9662/Fax (562) 594-0788

4   ATTORNEY FOR: the Respondent, Greg A. Lyons

5

6

7                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                         FOR THE COUNTY OF LOS ANGELES

9

10  IN RE THE MATTER OF:               )      CASE NO. NS023726
    HEALTHSMART, D.B.A.                )
11  PACIFIC HOSPITAL OF LONG BEACH,    )
    A CORPORATION, acting on behalf of )
12  employee, TIA SCHILLER             )
                                       )
13                                     )      PROPOSED ORDER DISSOLVING
    Petitioner                         )      TEMPORARY RESTRAINING ORDER
14                                     )
                    vs.                )
15                                     )
    GREG A. LYONS                      )
16                                     )
                    Respondent         )
17  _____   )

18      TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19          After full consideration of all the documents, hearings and other pleadings in this

20  case, the COURT finds GOOD CAUSE to grant the Respondent's request to dissolve the

21  temporary restraining order in this case, namely "Healthsmart Pacific, Inc. on behalf of Tia

22  Schiller."

23  IT IS SO ORDERED:

24

25  DATED:_____

26                                    _____
                                      HONORABLE CHET L. TAYLOR
27                                    JUDGE OF THE SUPERIOR COURT

28  _____
         Motion to Dissolve Temporary Restraining Orders  (Code of Civil Procedure §533)

1  Rachel Ellis, SBN 195325
   LAW OFFICE OF RACHEL ELLIS
2  3532 Katella Ave., Suite 112
   Los Alamitos, CA 90720
3  Phone (562) 594-9662/Fax (562) 594-0788

4  ATTORNEY FOR: the Respondent, Greg A. Lyons

5

6

7                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                       **FOR THE COUNTY OF LOS ANGELES**

9

10  IN RE THE MATTER OF:              )      **CASE NO. NS023727**
    HEALTHSMART, D.B.A.              )
11  PACIFIC HOSPITAL OF LONG BEACH,  )
    A CORPORATION, acting on behalf of )
12  employee, TIA SCHILLER           )
                                     )
13                                   )      **PROPOSED ORDER DISSOLVING**
    Petitioner                       )      **TEMPORARY RESTRAINING ORDER**
14                                   )
                vs.                  )
15                                   )
    GREG A. LYONS                    )
16                                   )
                Respondent           )
17  _____)

18  TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19      After full consideration of all the documents, hearings and other pleadings in this

20  case, the COURT finds GOOD CAUSE to grant the Respondent's request to dissolve the

21  temporary restraining order in this case, namely "Fink & Steinberg on behalf of Olaf Muller."

22

23  IT IS SO ORDERED:

24

    DATED:_____
25

26                                    _____
                                      HONORABLE CHET L. TAYLOR
27                                    JUDGE OF THE SUPERIOR COURT

28
    _____
    Motion to Dissolve Temporary Restraining Orders  (Code of Civil Procedure §533)

1 | Rachel Ellis, SBN 195325
LAW OFFICE OF RACHEL ELLIS
2 | 3532 Katella Ave., Suite 112
Los Alamitos, CA 90720
3 | Phone (562) 594-9662/Fax (562) 594-0788

4 | ATTORNEY FOR: the Respondent, Greg A. Lyons

5

6

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **FOR THE COUNTY OF LOS ANGELES**

9

10 | IN RE THE MATTER OF:  )      **CASE NO. NS023758**
HEALTHSMART, D.B.A.  )
11 | PACIFIC HOSPITAL OF LONG BEACH,  )
A CORPORATION, acting on behalf of  )
12 | employee, TIA SCHILLER  )
 )
13 |  )      **PROPOSED ORDER DISSOLVING**
Petitioner  )      **TEMPORARY RESTRAINING ORDER**
14 |  )
 vs.  )
15 |  )
 )
16 | GREG A. LYONS  )
 )
17 | Respondent  )
_____ )

18

19 | TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20 | After full consideration of all the documents, hearings and other pleadings in this

case, the COURT finds GOOD CAUSE to grant the Respondent's request to dissolve the

21 | temporary restraining order in this case, namely "Fink & Steinberg on behalf of Keith Fink."

22

23 | IT IS SO ORDERED:

24 | DATED:_____

25

26 | _____
HONORABLE CHET L. TAYLOR
JUDGE OF THE SUPERIOR COURT

27

28

Motion to Dissolve Temporary Restraining Orders  (Code of Civil Procedure §533)

1

### PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF ORANGE

2

    I am employed in the County of Orange, State of California.
3  I am over the age of 18 and not a party to the within action, my
business address is 3532 Katella Ave, Suite 112, Los Alamitos, CA
4  90720.

    On <u>June 7, 2011</u>, I served the foregoing documents
5  described as: **Motion to Dissolve Temporary Restraining Orders
pursuant to C.C.P. §533, Proposed Order** to all interested parties in
6  this action by placing a true copy thereof enclosed in a sealed,
envelope, addressed as follows:

7

Keith A. Fink
8  and/or Olaf J. Muller
11500 Olympic Blvd. Suite 316
9  Los Angeles, CA 90064

10

/X/ BY MAIL I declare that I am readily familiar with the
11  business practice for collection and processing of correspondence
for mailing with United States Postal Service and know that the
12  correspondence is deposited with the United States Postal Service
that same day in the ordinary course of business.  I have
13  prepared the envelope containing the material served in the
manner set forth above and placed it in the collection bin for
14  deposit in the United States Mail and in the ordinary course of
business that envelope and all other envelopes in the bin will be
15  deposited in the United States Mail on the same day as that set
forth above.

16

/X/ BY FACSIMILE: I sent such document via facsimile or machine
17  to the above-person at (310)268-0790.  The machine I used
complied with Rule 2003, and the transmission was reported as
18  complete and without error.

19  // (BY PERSONAL SERVICE) I caused such envelope to be delivered
by hand to the party mentioned above in Department 4.

20

21  Executed on <u>June 7, 2011.</u>

22

/X/ (State)     I declare under penalty of perjury and under the
23                     laws of the State of California that the above is
                   true and correct.
24  / / (Federal)  I declare that I am employed in the office of a
                   member of the bar of this Court at whose direction
25                     the service was made.

26

                      _Rachel Ellis_
27                      RACHEL ELLIS

28

Exhibit(B)

Ex H (13)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN - 6 2011

John A. Clarke, Executive Officer/Clerk

By_____

1  Rachel Ellis, SBN 195325
   LAW OFFICE OF RACHEL ELLIS
2  3532 Katella Ave., Suite 112
   Los Alamitos, CA 90720
3  Phone (562) 594-9662/Fax (562) 594-0788

4  ATTORNEY FOR: the Respondent, Greg A. Lyons

5

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  FOR THE COUNTY OF LOS ANGELES

9

| | |
|---|---|
| IN RE THE MATTER OF:<br>HEALTHSMART, D.B.A.<br>PACIFIC HOSPITAL OF LONG BEACH,<br>A CORPORATION, acting on behalf of<br>employee, TIA SCHILLER<br><br>Plaintiff<br><br>vs.<br><br>GREG A. LYONS<br><br>Respondent | CASE NO. NS023726<br>(related to NS023727,NS023728,NS023758)<br><br>Ex Parte 6/7/11<br><br>MOTION TO DISSOLVE TEMPORARY<br>RESTRAINING ORDERS; PROPOSED<br>ORDER TO DISSOLVE THESE TROS<br><br>Hearing Date: June 9, 2011<br>Time: 8:30 a.m.<br>Court/Division: Long Beach 4<br>**Honorable Judge Chet L. Taylor** |

17

18       **TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

         This Ex Parte Motion is to Dissolve the four (4) temporary restraining orders (TROs)
19
     listed above. On May 12, 2011, the Court decided to hear this case on June 9, 2011, with the
20
     party, Greg Lyons and attorney Muller and Ellis' agreement. On May 12, 2011 Attorney Muller
21
     made no objection to the June 9, 2011 date. The Respondent, Greg Lyons agreed to the June 9,
22
     2011 date but preferred to have an earlier hearing date since he is unable to return to work until
23
     these TROs are dissolved.
24
         Petitioner's attorney provided improper and insufficient "notice" to Respondent's attorney
25
     regarding a continuance from June 9, 2011 until June 23, 2011. In fact, the motion for the
26
     continuance was sent via facsimile at almost 4:00 p.m. on June 2, 2011, the same day Petitioner
27

28

---

Motion to Dissolve Temporary Restraining Orders  (Civil Code §533)

1

1   was before the court, requesting the continuance.  There was no telephonic notice prior to the

2   June 2, 2011 hearing date.  The fact that the Petitioner was obtaining an order without adequate

3   or proper notice to the  Respondent tends to substantiate a similar pattern or "course of conduct"

4   the Petitioner employed to obtain all of the TROs against the Respondent.  Thus, the Respondent

5   believes this alone is a valid basis for dissolving all four TROs.  Please see the attached

6   declarations with a Proposed Order attached.  **Exhibit A,** Petitioner's copy of Proposed Order

7   with 310-268-0792 Keith A. Fink & Associate 03:48:07 p.m. 06-02-2011 and their proof of

8   service. **Exhibit B** Motion to Dissolve Temporary Restraining Orders filed May 26, 2011 with

9   Proof of Service and Confirmation of facsimile to Kevin Fink's office, **Exhibit C Proposed**

10  **Order to Dissolve Four TROs.**

11          The Respondent's need to have the TROs dissolved as soon as possible on June 9, 2011

12  or before is a greater need than having him "wait" until two of the Petitioner's attorneys return

13  from a vacation on or about June 20, 2011.  Since all four of the TROs were obtained without

14  notice to the Respondent prior to their issuance and "this proposed continuance" was obtained in

15  a similar manner, they should all be dissolved.

16          Therefore, the Respondent requests that the Court sign the attached Proposed Order to

17  dissolve the four (4) TROs.

18  Dated: June 5, 2011

19                                           *Rachel Ellis*
20                                           **Rachel Ellis, Attorney for the Respondent**

21

22

23

24

25

26

27

28

ExH (C)

1  Rachel Ellis, SBN 195325
   LAW OFFICE OF RACHEL ELLIS
2  3532 Katella Ave., Suite 112
   Los Alamitos, CA 90720
3  Phone (562) 594-9662/Fax (562) 594-0788

4  ATTORNEY FOR: the Respondent, Greg A. Lyons

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 9 6 2011

John A. Clarke, Executive Officer/Clerk

By_____

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

11  IN RE THE MATTER OF:                )   CASE NO. NS023726
    HEALTHSMART, D.B.A.                 )   (related to NS023727, NS023728, NS023758)
12  PACIFIC HOSPITAL OF LONG BEACH,     )
    A CORPORATION, acting on behalf of  )
13  employee, TIA SCHILLER              )   MOTION TO DISSOLVE TEMPORARY
                                        )   RESTRAINING ORDERS:
14                                      )   DECLARATIONS; MEMORANDUM OF
    Petitioner                          )   POINTS AND AUTHORITIES;
15                                      )   EXHIBITS A-J
                  vs.                   )
16                                      )
    GREG A. LYONS                       )   Hearing Date: June 9, 2011
17                                      )   Time: 8:30 a.m.
              Respondent                )   Court/Division: Long Beach 4
18  _____  )   Honorable Judge Chet L. Taylor

19         TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20  Keith Fink & Associates or Keith Fink & Steinberg have filed four (4) temporary restraining

21  orders ('T.R.O's") against Greg A. Lyons regarding the following individuals: attorney Olaf

22  Muller, case no. NS023727, attorney Keith Fink, case no. NS023758 and two employees at

23  HEALTHSMART, d.b.a.PACIFIC HOSPITAL, A CORPORATION ("PHLB"), namely, Tia

24  Schiller (case no. NS023726) and Jennifer Patterson (case no. NS023728). Reissuance of the

25  temporary restraining orders ("T.R.O.s") on April 19, 2011 are attached as **Exhibit A.** Mr.

26  Lyons believes that all TROs should be dissolved for several reasons.

28  _____
    Motion to Dissolve Temporary Restraining Orders  (Code of Civil Procedure §533)
    1

1   First, as early as October 6, 2009, after conducting a hearing, Judge Di Loreto ruled that

2   there was no clear and convincing evidence to issue TROs against Mr. Lyons. **Exhibit B** (only

3   Reporter's Transcript of Proceedings page, a list of witnesses and Judge Di Loreto's ruling on

4   page 88). At the October 6, 2009 hearing, Mr. Lyons and three witnesses from PHLB, Michael

5   Tishon, Eladio Chavez and Robert Vance, testified. Not one of them stated that Mr. Lyons had

6   threatened them. Therefore, Judge Di Loreto correctly found that the Plaintiffs had not met their

7   burden of proof. Thus, the TROs against Mr. Lyons were denied.

8   Attorneys Fink and Muller did not file any additional restraining orders against Mr. Lyons

9   until January 24, 2011. On February 8, 2011, Judge Taylor found that Mr. Lyons contacted

10  Jennifer Patterson and her 20 years old daughter on Facebook based upon Attorneys Fink and

11  Muller's testimonies. Neither Ms. Patterson, nor her daughter were present. Ms. Patterson and

12  her daughter would have to "accept Mr. Lyons, as a friend" in order for him to write to them.

13  However, this does not justify Mr. Lyons' "foolish" conduct in contacting either one of them

14  even though the messages were non-threatening. The Court denied the TROs. **Exhibit C**, Judge

15  Taylor's February 8, 2011 ruling.

16  Second, and most importantly, Mr. Lyons did not received notice of any original TROs

17  served in Long Beach. Mr. Lyons never had notice of the original TROs that Mr. Muller

18  obtained on January 24, 2011, the three he obtained from Judge Klein on February 28, 2011 and

19  the additional one that Attorney Muller obtained on March 9, 2011.

20  In fact, on January 24, 2011, Attorney Duren filed motions in Los Angeles Superior-

21  Central, then personally served Mr. Fink at his office in the BC429084 case. During this time,

22  Mr. Muller was in the process of obtaining a TRO against Mr. Lyons. When Mr. Lyons and

23  Attorney Duren arrived at Mr. Fink's office on January 24, 2011 for Mr. Lyons' deposition, they

24  were told it was canceled. **Exhibit D** is Attorney Duren's January 24, 20011 proof of service, his

25  conformed copy of one of the motions served and the face page of the TRO (CLETS-TWH)

26  Attorney Muller obtained that day in the Long Beach courthouse.

27  **Exhibit E** is an e-mail from Mr. Fink to Mr. Duren on January 24, 2011. Its content

28

Motion to Dissolve Temporary Restraining Orders  (Code of Civil Procedure §533)

2

# DECLARATION OF RACHEL ELLIS

I, Rachel Ellis, am the attorney of record for Greg A. Lyons regarding the four TROS handled in department 4 of the Long Beach courthouse, namely cases NS023726, NS023727, NS023728 and NS023758.

I know these facts of my own personal knowledge, and if called as a witness, I could and would testify as to the truth of the following facts:

1) On May 9, 2011 I was assigned to handle the above mentioned TROs on behalf of the Respondent, Greg Lyons.

2) Mr. Lyons' told me that the Motion to Dissolve the TROs filed on May 26, 2011 was not available for review on the computerized system, however, the proof of service was. **Exhibit B,** conformed copy cover sheet dated May 26, 2011, with proof of service and facsimile confirmation.

3) After the Motion to Dissolve the TROs was filed on May 26, 2011, the 69 page document was sent via facsimile to Keith A. Fink's office and the transmission was successful.

4) Prior to sending the Motion to Dissolve the TROs via facsimile to Mr. Fink's office on May 26, 2011, Mr. Fink had informed me that he would be vacationing in Asia and Mr. Muller would be vacationing in Europe, leaving on or about May 30, 2011.  Thus, I believe the proper action would be to have them receive the Respondent's motion prior to their departure.  Furthermore, I informed them that my client, Mr. Lyons was eager to return to work and did not want to change the June 9, 2011 date.

5) On May 12, 2011 when the June 9, 2011 date was chosen to continue the hearing, Mr. Muller did not inform the court of his or Mr. Fink's vacation plans.  However, I do not believe that infringing upon a "man's right to work" should be subjugated to attorney's vacations.

6) On June 3, 2011, I noticed there was a document sent to me via facsimile with a proposed order.  The top of the document showed it was sent on Thursday, June 2, 2011 at 3:48:35 p.m. from "Keith A. Fink & Associate."   Since Tuesdays and Thursdays are the days that the Court

1   hears Ex Parte motions, someone from their office must have presented it to the Court.

2   7) I never received telephonic notice of the June 2, 2011 hearing, nor did I receive notice that the

3   hearing had occurred until the document was seen on June 3, 2011.

4   8) At approximately 4:00 p.m. on Friday, June 3, 2011, I received a telephone call from the Court

5   that the Court planned to grant the Petitioner's request for a continuance until June 23, 2011.

6   9) Since I did not listen to my voice messages until Saturday, June 4, 2011, I did not know about

7   the continuance until that morning and immediately, sent my client, Mr. Lyons an e-mail

8   regarding the situation.

9   10) Since all of the original TROs appear to have been obtained in a similar manner by "Keith A.

10  Fink & Associates," the notice requirement is lacking for all of them.  I believe this is a proper

11  basis to dissolve all four of them.

12  11) Without discussing "the merits" of all of the TROs, the fact that the Respondent was

13  "suspended without pay" until the TROs were resolved makes his position "arguable" that he did

14  not have to relinquish his gun at that point. Furthermore, after he had counsel assigned for the

15  May 12, 2011, he relinquished his gun immediately, providing proof to the court of his

16  compliance with the Court's order.

17          I declare under penalty of perjury under the laws of the State of California that the herein

18  statements are true and correct.

19  Dated: June 5, 2011

20  _Rachel Ellis_
    **Rachel Ellis, Attorney for the Respondent, Greg A. Lyons**

21

22

23

24

25

26

27

28
    _____
    Motion to Dissolve Temporary Restraining Orders  (Civil Code §533)

    4

**DECLARATION OF GREG A. LYONS**

I, Greg A. Lyons, the Respondent in these cases, declare as follows:

I know these facts of my own personal knowledge, and if called as a witness, I could and would testify as to the truth of the following facts:

1) My attorney, Rachel Ellis, informed me that she was at her office on Saturday, June 4, 2011. When she retrieved her voice mail messages, she received one from the Court at 4:57 p.m. on June 3, 2011. Thus, on June 4, 2011, she immediately informed me that the Court planned to sign the Petitioner's proposed order.

2) I was outraged that Attorneys Muller and Fink could continue my hearing scheduled for June 9, 2011 until a later date due to vacations they knew they had already scheduled when Attorney Muller stood before the Court at the May 12, 2011 hearing. At that time, Attorney Muller agreed to the June 9, 2011 date. Furthermore, delaying the dissolution of the TROs effects my right to work and this right has been violated by their continuously obtaining TROs without providing notice to me or my current attorney(s).

3) **Exhibit A** proves that their request for a continuance was not sent via facsimile to my attorney's office until almost 4:00 p.m. on June 2, 2011.

4) Without discussing the lack of merit for each TRO, I will mention one as an example. Case no. NS023726 lists Tia Schiller, as the protected person. The last time I spoke with her was on September 13, 2009, while I was employed at "PHLB." Since that time, I have had no contact with her, by any means, either directly, by phone, fax, e-mail or a third party.

5) My position at RMI has been "suspended without pay" since Attorneys Muller and Fink served my employer with four TROs on March 24, 2011. Thus, I have zero income with no employer willing to hire me until the TROs are dissolved.

6) I believe that my right to work should take precedence over Petitioner's attorneys right to a vacation.

7) Besides the January 24, 2011 TRO the Petitioner's attorney obtained from Judge Klein, where I received no notice of the hearing, the Petitioner's attorneys have engaged in the same course of

1   conduct regarding a lack of notice. My current attorney sent the "Motion to Dissolve Temporary

2   Restraining Orders" via facsimile to Mr. Fink's office the same day that she filed them with the

3   Court on May 26, 2011. Similarly, this document will be sent via facsimile to Mr. Fink's office

4   on June 6, 2011, the day that it is filed with the court.

5   8) My attorney's "Motion to Dissolve Temporary Restraining Orders" was not available for

6   review "on line." I only saw her proof of service "on line."

7   9) Based on Petitioners' attorneys perpetual lack of notice, I believe this alone provides good

8   cause for the Court to grant my request. **Exhibit** C is the attached Proposed Order.

9       I declare under penalty of perjury under the laws of the State of California that the herein

10   statements are true and correct.

11   Dated: 4-5-11

12

13              Greg A. Lyons, Respondent

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

          Motion to Dissolve Temporary Restraining Orders  (Civil Code §533)

                          6

# EXHIBIT A

## [PROPOSED] ORDER

After full consideration of Petitioners' request, the Court finds good cause to continue the Order to Show Cause hearing re Lyons' Contempt of this Court's April 19, 2011 Orders regarding no communications with Petitioners currently scheduled for June 9, 2011.

It is hereby ORDERED that the Order to Show Cause hearing re Lyons' Contempt of this Court's April 19, 2011 Orders regarding no communications with Petitioners is continued from June 9, 2011 to June 23, 2011.

SO ORDERED.

DATED: _____

_____
HONORABLE CHET L. TAYLOR
JUDGE OF THE SUPERIOR COURT

310-268-0780  Keith A. Fink & Associat         02:9:56 p.m.    06-02-2011    4/4
Case 2:11-cv-04823-MWF-DTB   Document 1-1   Filed 06/07/11   Page 31 of 50   Page ID
#:1142

1                    **PROOF OF SERVICE**

2         **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3 I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 11500 W. Olympic Boulevard, Suite 316, Los

4 Angeles, California, 90064.

5        On June 2, 2011, I served the document described as **PETITIONER HEALTHSMART PACIFIC, INC. D/B/A PACIFIC HOSPITAL OF LONG BEACH'S AND PETITIONER FINK**

6 **& STEINBERG'S JOINT REQUEST AND [PROPOSED] ORDER TO CONTINUE THE ORDER TO SHOW CAUSE HEARING RE RESPONDENT LYON'S CONTEMPT FOR**

7 **DISOBEYING THE COURT'S APRIL 19, 2011 ORDERS REGARDING COMMUNICATIONS WITH PETITIONERS** on all interested parties in this action as follows:

8 [X]      by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as

9           follows:

10 Rachel Ellis
3532 Katella Ave Ste 112

11 Los Alamitos, CA 90720
Facsimile: (562) 594-0788

12

13 [X]      (BY MAIL) As follows: I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S.

14           Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is

15           presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16

17 [X]      (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the addressees listed above.

18 []      (BY FACSIMILE) I transmitted such document by facsimile machine, pursuant to California Rules of Court 2001 et seq. The facsimile machine complied with Rule 2003(3). The

19           transmission was reported as complete. I caused the machine to print a transmission report of the transmission, a copy of which is attached to this declaration. I am employed in the County

20           of Los Angeles, State of California.

21 [X]      (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22 [   ]     (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at

23           whose direction the service was made.

24

25 Dated: June 2, 2011            _Jennifer M. Misetich_
                            Jennifer M. Misetich

26

27

28

PETITIONERS' JOINT REQUEST TO CONTINUE THE OSC HEARING RE RESPONDENT LYON'S CONTEMPT FOR DISOBEYING THE COURT'S APRIL 19, 2011 ORDERS REGARDING COMMUNICATIONS WITH PETITIONERS

EXHIBIT B

1   Rachel Ellis, SBN 195325
    LAW OFFICE OF RACHEL ELLIS
2   3532 Katella Ave., Suite 112
    Los Alamitos, CA 90720
3   Phone (562) 594-9662/Fax (562) 594-0788

4   ATTORNEY FOR: the Respondent, Greg A. Lyons

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 9 6 2011

John A. Clarke, Executive Officer/Clerk

By_____

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

| | |
|---|---|
| 11  IN RE THE MATTER OF:                )<br>       HEALTHSMART, D.B.A.            )<br>12  PACIFIC HOSPITAL OF LONG BEACH, )<br>       A CORPORATION, acting on behalf of )<br>13  employee, TIA SCHILLER           )<br>                                                   )<br>14                                                 )<br>       Petitioner                             )<br>15                                                 )<br>                       vs.                     )<br>16                                                 )<br>       GREG A. LYONS                   )<br>17                                                 )<br>                       Respondent          )<br>18  _____ ) | CASE NO. NS023726<br>(related to NS023727, NS023728, NS023758)<br><br>MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDERS: DECLARATIONS; MEMORANDUM OF POINTS AND AUTHORITIES; **EXHIBITS A-J**<br><br>Hearing Date: June 9, 2011<br>Time: 8:30 a.m.<br>Court/Division: Long Beach 4<br>Honorable Judge Chet L. Taylor |

19

20      **TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21      Keith Fink & Associates or Keith Fink & Steinberg have filed four (4) temporary restraining

22      orders ('T.R.O's") against Greg A. Lyons regarding the following individuals: attorney Olaf

23      Muller, case no. NS023727, attorney Keith Fink, case no. NS023758 and two employees at

24      HEALTHSMART, d.b.a.PACIFIC HOSPITAL, A CORPORATION ("PHLB"), namely, Tia

25      Schiller (case no. NS023726) and Jennifer Patterson (case no. NS023728).  Reissuance of the

26      temporary restraining orders ("T.R.O.s") on April 19, 2011 are attached as **Exhibit A.**  Mr.

27      Lyons believes that all TROs should be dissolved for several reasons.

28

─────────────────────────────────────────────

Motion to Dissolve Temporary Restraining Orders  (Code of Civil Procedure §533)

1

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action, my business address is 3532 Katella Ave, Suite 112, Los Alamitos, CA 90720.

On May 26, 2011 I served the foregoing documents described as: **Motion to Dissolve Temporary Restraining Orders pursuant to C.C.P. §533, Crawford v. Washington and law** to all interested parties in this action by placing a true copy thereof enclosed in a sealed, envelope, addressed as follows:

Keith A. Fink
and/or Olaf J. Muller
11500 Olympic Blvd. Suite 316
Los Angeles, CA 90064

/X/ BY MAIL I declare that I am readily familiar with the business practice for collection and processing of correspondence for mailing with United States Postal Service and know that the correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. I have prepared the envelope containing the material served in the manner set forth above and placed it in the collection bin for deposit in the United States Mail and in the ordinary course of business that envelope and all other envelopes in the bin will be deposited in the United States Mail on the same day as that set forth above.

/X/ BY FACSIMILE: I sent such document via facsimile or machine to the above-person at (310)268-0790. The machine I used complied with Rule 2003, and the transmission was reported as complete and without error.

// (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the party mentioned above in Department 4.

Executed on May 26, 2011.

/X/ (State)   I declare under penalty of perjury and under the laws of the State of California that the above is true and correct.

/ / (Federal)   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_Rachel Ellis_
RACHEL ELLIS

---

Motion to Dissolve Temporary Restraining Orders (Code of Civil Procedure §533)
17

Message Confirmation Report                    MAY-26-2011 16:58 THU

Fax Number    :   562 594 0788
Name          :   RACHEL ELLIS

| Name/Number | : | 913102680790 |
|---|---|---|
| Page | : | 69 |
| Start Time | : | MAY-26-2011 16:45 THU |
| Elapsed Time | : | 13'14" |
| Mode | : | STD ECM |
| Results | : | [O.K] |

1   Rachel Ellis, SBN 195325
    LAW OFFICE OF RACHEL ELLIS
2   3532 Katella Ave., Suite 112
    Los Alamitos, CA 90720
3   Phone (562) 594-9662/Fax (562) 594-0788

4   ATTORNEY FOR: the Respondent, Greg A. Lyons

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 26 2011

John A. Clarke, Executive Officer/Clerk

By_____

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF LOS ANGELES

11  IN RE THE MATTER OF:              )   CASE NO. NS023726
    HEALTHSMART, D.B.A.               )   (related to NS023727, NS023728, NS023758)
12  PACIFIC HOSPITAL OF LONG BEACH,   )
    A CORPORATION, acting on behalf of )
13  employee, TIA SCHILLER            )   MOTION TO DISSOLVE TEMPORARY
                                      )   RESTRAINING ORDERS:
14                                    )   DECLARATIONS; MEMORANDUM OF
    Petitioner                        )   POINTS AND AUTHORITIES;
15                                    )   EXHIBITS A-J
                                      )
16           vs.                      )
                                      )
17  GREG A. LYONS                     )   Hearing Date: June 9, 2011
                                      )   Time: 8:30 a.m.
18           Respondent               )   Court/Division: Long Beach 4
                                      )   Honorable Judge Chet L. Taylor

19

20          TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21  Keith Fink & Associates or Keith Fink & Steinberg have filed four (4) temporary restraining

    orders ("T.R.O's") against Greg A. Lyons regarding the following individuals: attorney Olaf
22
    Muller, case no. NS023727, attorney Keith Fink, case no. NS023758 and two employees at
23
    HEALTHSMART, d.b.a.PACIFIC HOSPITAL, A CORPORATION ("PHLB"), namely, Tia
24
    Schiller (case no. NS023726) and Jennifer Patterson (case no. NS023728).  Reissuance of the
25
    temporary restraining orders ("T.R.O.s") on April 19, 2011 are attached as Exhibit A.  Mr.
26
    Lyons believes that all TROs should be dissolved for several reasons.
27

28
    _____
        Motion to Dissolve Temporary Restraining Orders  (Code of Civil Procedure §533)
                                    1

# EXHIBIT C

1 | Rachel Ellis, SBN 195325
LAW OFFICE OF RACHEL ELLIS
2 | 3532 Katella Ave., Suite 112
Los Alamitos, CA 90720
3 | Phone (562) 594-9662/Fax (562) 594-0788

4 | ATTORNEY FOR: the Respondent, Greg A. Lyons

5

6 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7 | **FOR THE COUNTY OF LOS ANGELES**

8

9 | IN RE THE MATTER OF:                )    **CASE NO. NS023726**
HEALTHSMART, D.B.A.                  )    (related to NS023727, NS023728,NS023758)
10 | PACIFIC HOSPITAL OF LONG BEACH, )
A CORPORATION, acting on behalf of  )
11 | employee, TIA SCHILLER              )
                                     )
12 |                                     )    **PROPOSED ORDER DISSOLVING**
Petitioner                           )    **TEMPORARY RESTRAINING ORDERS**
13 |                                     )
                                     )
14 |            vs.                      )
                                     )
15 | GREG A. LYONS                       )
                                     )
16 |            Respondent               )
_____)

17

18 | TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19 |    After full consideration of all the documents, hearings and other pleadings in these four

20 | cases, the COURT finds GOOD CAUSE to grant the Respondent's request to dissolve all four

21 | temporary restraining orders in the cases listed above.

22 | IT IS SO ORDERED:

23 | DATED:_____

24

25 |                              _____
HONORABLE CHET L. TAYLOR
26 |                              JUDGE OF THE SUPERIOR COURT

27

28

Motion to Dissolve Temporary Restraining Orders  (Code of Civil Procedure §533)

1

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

2

I am employed in the County of Orange, State of California.
3  I am over the age of 18 and not a party to the within action, my
business address is 3532 Katella Ave, Suite 112, Los Alamitos, CA
4  90720.

On <u>June 6, 2011,</u> I served the foregoing documents
5  described as: **Motion to Dissolve Temporary Restraining Orders
pursuant to C.C.P. §533,** Proposed Order to all interested parties in
6  this action by placing a true copy thereof enclosed in a sealed,
envelope, addressed as follows:

7

Keith A. Fink
8  and/or Olaf J. Muller
11500 Olympic Blvd. Suite 316
9  Los Angeles, CA 90064

10

/X/ BY MAIL I declare that I am readily familiar with the
11  business practice for collection and processing of correspondence
for mailing with United States Postal Service and know that the
12  correspondence is deposited with the United States Postal Service
that same day in the ordinary course of business.  I have
13  prepared the envelope containing the material served in the
manner set forth above and placed it in the collection bin for
14  deposit in the United States Mail and in the ordinary course of
business that envelope and all other envelopes in the bin will be
15  deposited in the United States Mail on the same day as that set
forth above.

16

/X/ BY FACSIMILE: I sent such document via facsimile or machine
17  to the above-person at (310)268-0790.  The machine I used
complied with Rule 2003, and the transmission was reported as
18  complete and without error.

19  // (BY PERSONAL SERVICE) I caused such envelope to be delivered
by hand to the party mentioned above in Department 4.

20

21  Executed on <u>June 6, 2011.</u>

22

/X/  (State)    I declare under penalty of perjury and under the
23            laws of the State of California that the above is
            true and correct.
24  / / (Federal)  I declare that I am employed in the office of a
            member of the bar of this Court at whose direction
25            the service was made.

26

_Rachel Ellis_
27  RACHEL ELLIS

28

Motion to Dissolve Temporary Restraining Orders  (Code of Civil Procedure §533)

JAMES K. AUTREY (Bar No. 140325)
2615 Pacific Coast Highway
Suite 327
Hermosa, Beach, CA 90254
Telephone: (310) 406-2828
Facsimile: (310) 406-2820

Attorney for Plaintiff,
Greg Lyons

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 3 1 2009

John A. Clarke, Executive Officer/Clerk

By_____, Deputy
AMBER LAFLEUR-CLAYTON

D.41  Ronald Sohigian

## LOS ANGELES SUPERIOR COURT

## CENTRAL DISTRICT

BC 429084

GREG LYONS, an individual;

    Plaintiff,

    vs.

HEALTHSMART dba PACIFIC
HOSPITAL OF LONG BEACH a
corporation ; and DOES 1-50,
inclusive,

    Defendants

CASE NO.

**COMPLAINT FOR COMPENSATORY AND
PUNITIVE DAMAGES  AND DEMAND FOR
JURY TRIAL:**

1.  **Wrongful Termination/
    Harassment/Retaliation based on Racial and
    Age Discrimination;**
2.  **Wrongful Termination in Violation of Public
    Policy;**
3.  **Intentional Infliction of Emotional Distress**

Plaintiff Greg Lyons alleges:

### THE PARTIES

1.  This is a Complaint by Plaintiff, a former employee, against defendants, his former employers, who discriminated against, harassed and wrongfully terminated Plaintiff. Plaintiff seeks compensatory and punitive damages against all defendants.

2.  At all times relevant to this Complaint, plaintiff, Greg Lyons ("Plaintiff") is and has been an individual residing in Los Angeles, California.

3.  At all times relevant to this Complaint, Defendant,  HealthSmart dba Pacific Hospital

COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

1

1  of Long beach is a corporation organized, and existing under the laws of the state of California,

2  which is, and has been doing business in, Los Angeles County, California.

3      4.  Plaintiff is informed and believes, and on that basis alleges, that defendant Pacific

4  Hospital of Long Beach at all times mentioned was, and is, a corporation organized, and existing

5  under the laws of the state of California, which is, and has been doing business in, Los Angeles

6  County, California.  Plaintiff was employed by Pacific Hospital.

7      5.  Plaintiff does not know the true names and capacities, whether individual, corporate,

8  or otherwise, of defendants Does 1-50, and therefore sues them by such fictitious names.

9  Plaintiff is informed and believes, and on that basis alleges, that each of the Doe defendants is in

10  some manner responsible for the damages alleged in this Complaint.

11      6.  Plaintiff is informed and believes, and on that basis alleges, that at the various times

12  alleged in this Complaint, each of the named and Doe defendants was the agent or employee of

13  each of the remaining co-defendants, and, in performing the actions alleged in this Complaint,

14  was acting within the course and scope of said agency, employment and service with the advance

15  knowledge, consent and/or ratification of each of the remaining defendants.  The named and Doe

16  defendants are hereinafter referred to collectively in this Complaint as "Defendants."

17      7.  The acts committed by Pacific Hospital as described in this Complaint, were duly

18  authorized and directed by its officers and/or directors.  In addition, Pacific Hospital participated

19  in the acts of its employees and agents as described in this Complaint, and ratified or accepted

20  the benefits of such acts.

21      8.  Specifically, Plaintiff reported the illegal conduct of a co-worker, Delfina Tavares.

22  Ms. Tavares was subsequently fired as a result of Plaintiff's actions.  Eladio Chavez, a co-

23  worker, was in a sexual relationship with Ms. Tavares and promised to get even with Plaintiff for

24  getting her fired. After which Plaintiff was subjected to racial harassment by Chavez, and his

25  supervisor, Willie Holley.  Holly and Chavez proceeded to engage in a campaign of racial

26  harassment which included but was not limited to making racial epitaphs' on a regular and

27  consistent basis. For instance:  Chavez called Mr. Lyons  a "snitch" and "white trash" who did

28  not like Mexican's and that he should be shot.  Plaintiff repeatedly complained about this

conduct to his supervisor Willie Holley.  Instead of investigating his complaint Mr. Holley joined

1 in the campaign of racial harassment and retaliation.  For instance, Mr. Holley said "you are a **46**

2 year old **white boy** and if you do not like the working conditions just quit." Mr. Holley was a

3 supervisor and his actions, including his ratification of Mr. Chavez's actions constitute violations

4 of the Fair Employment and Housing Act for which Defendants are directly responsible.

5 **FIRST CAUSE OF ACTION FOR WRONGFUL TERMINATION AND HARASSMENT**

6 **BASED ON RACIAL DISCRIMINATION AGAINST ALL DEFENDANTS**

7     9 Plaintiff restates and incorporates by this reference paragraphs 1- 8 of this

8 Complaint as if fully set forth herein. Defendants' actions as alleged herein in terminating

9 Plaintiff's employment in retaliation for (1) his complaints of racial and age discrimination and

10 (2) reporting  the illegal conduct of his co-workers, violates California's anti-discrimination

11 statute as well as Labor Code 1102.5 which protects whistle blowers.

12     The racial harassment and age discrimination by Defendants created a hostile,

13 intimidating and oppressive work environment for Plaintiff, and the conditions of his

14 employment were adversely altered by the harassment.

15     10.  Defendants knew or should have known of the illegal harassment and discrimination

16 against Plaintiff. Nonetheless, Defendants did nothing to prevent or stop the harassment.

17     11.  Defendants' actions as described in this Complaint violate common law, as well as

18 the Fair Employment and Housing Act, and other state and federal statutes which prohibit

19 discrimination in employment.

20     12.  Plaintiff has exhausted his administrative remedies by timely filing charges of

21 discrimination with the Department of Fair Employment and Housing.  The Department of Fair

22 Employment and Housing has issued to Plaintiff a right to sue letter, permitting him to file this

23 lawsuit against Defendants.

24     13. As a direct and proximate result of Defendants' discrimination, Plaintiff has and will

25 suffer damages in excess of $1,000,000, including:

26         a.   loss of salary and other valuable employment benefits;

27         b.   interest at the legal rate; and

28         c.   other consequential damages, including damages for shame, humiliation, mental

            anguish and emotional distress caused by the conduct of Defendants.

14. In addition, Plaintiff is entitled to attorneys' fees in prosecuting this lawsuit, pursuant to Government Code Section 12965 (b). Further, because the discriminatory conduct of Defendants was done with malice, oppression and fraud, or with the deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, she seeks punitive damages against Defendants in order to deter them from such conduct in the future.

## SECOND CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST ALL DEFENDANTS

15. Plaintiff restates, and incorporates by this reference, the allegations contained in paragraphs 1-14 as if fully set forth herein.

16. Defendants terminated Plaintiff's employment because of his complaints of racial harassment and age discrimination and for reporting the illegal conduct of co-workers.

17. The wrongful conduct of Defendants in terminating Plaintiff's employment, as a result of his complaints re same, violates public policy. Such public policy is reflected in the state and federal statutes prohibiting discrimination in employment, including the Fair Employment and Housing Act, the California Constitution, and Title VII of the Civil Rights Act as well as Labor Code section 1102.5.

18. As a direct and proximate result of Defendants' unlawful conduct as described in this Complaint, Plaintiff has sustained and will suffer damage in excess of $1,000,000, including:

   a.  loss of salary and other valuable employment benefits;

   b.  interest at the legal rate: and

   c.  other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by the conduct of Defendants.

19. Because the wrongful conduct in terminating Plaintiff's employment was done with malice, oppression and fraud, or with a deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, he seeks punitive damages against

Defendants in order to deter them from such conduct in the future.

## THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

20. Plaintiff restates and incorporates by this reference, paragraphs 1-19 of this Complaint as if fully set forth herein

21. The actions of Defendants as described throughout this Complaint, in particular their violent and discriminatory actions, were extreme and outrageous and beyond the bounds of common decency.  Such actions were intended to cause, or were in engaged in with a conscious disregard of the probability of causing, severe emotional distress to Plaintiff.

22.  As a direct and proximate result of the acts of Defendants, Plaintiff has sustained and continues to suffer emotional distress.  Plaintiff seeks general damages for her severe emotional distress and other consequential damages in an amount not less than $1,000,000, the precise amount to be proven at trial.

23. Because the wrongful acts against Plaintiff were carried out, or permitted to be done by Defendants, acting with malice oppression and fraud, or with a deliberate and conscious disregard for the probability of causing injury to Plaintiff, as reflected by their actions described earlier in this Complaint, Plaintiff seeks damages against Defendants in order to deter them from similar conduct in the future.

## WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:

As to all causes of action against all Defendants:

1. for loss of salary and valuable employment benefits in an amount not less than $1,000,000;

2. interest at the legal rate; and

3. as applicable, other consequential damages, including damages for shame, humiliation and other emotional distress in an amount not less than $1,000,000.;

4. for the value of Plaintiff's physical and emotional pain and suffering, caused by Defendants' wrongful conduct, in an amount not less than $1,000,000;

5. for the cost of counseling, psychological, or psychiatric treatment, or any medical treatment necessary to treat Plaintiff's emotional distress and worsened physical condition, which has been caused by Defendant's wrongful conduct, in an amount not less than $250,000.

6. for punitive damages in an amount sufficient to deter Defendants from engaging in such and similar wrongful conduct in the future.

7. attorneys' fees pursuant to Government Code Section 12965(b) and as otherwise permitted by law including but not limited to California Labor Code Section 2699(g)(1).

8. for costs incurred by Plaintiff in prosecuting this action; and

9. a jury trial

10. for such other and further relief as this Court deems just and proper.

December 30, 2009

JAMES K. AUTREY
Attorney for Plaintiff,

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

James K. Autrey # 140325
2615 Pacific Coast Highway #327
Hermosa Beach CA 90254

TELEPHONE NO.: 310-406-2828    FAX NO.: 310-406-2820

ATTORNEY FOR *(Name):* Greg Lyons

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 3 1 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
AMBER LAFLEUR-CLAYTON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles CA 90017
BRANCH NAME: Central

CASE NAME:
Lyons v. Healthsmart dba Pacific Hospital of Long beach

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **BC 429084** |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: December 31, 2009

James K. Autrey
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SHORT TITLE: Lyons v Healthsmart

CASE NUMBER: BC429084

## CIVIL CASE COVER SHEET ADDENDUM
### CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURT LOCATION

**This form is required in all new civil case filings in the Los Angeles Superior Court**

I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

[X] JURY TRIAL? [ ] YES [ ] CLASS ACTION? [ ] YES [ ] LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL [ ] HOURS/ [5] DAYS.

II. Select the correct district and courthouse location (4 steps):

**1** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column 1, the Civil Case Cover Sheet case type you selected.

**2** Check **one** Superior Court type of action in Column 2 which best describes the nature of this case.

**3** In Column 3, circle the reason for the court location choice that applies to the type of action you have checked.

**Applicable Reasons for Choosing Court Location (See Column 3 below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county tort, or not PI/PD-Gen.Juris).
3. Location where cause of action arose.
4. Location where injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**4** Fill in the information requested on page 4 in item III; complete item IV. Sign the certificate.

| | -1-<br>Civil Case Cover Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Dam./Wrongful Death<br>Is this an uninsured motorist case? [ ] Yes [ ] No | 1., 2., 4. |
| **Other PI/PD/WD Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage<br>[ ] A7221 Asbestosis - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons<br>[ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other PI/PD/WD (23) | [ ] A7250 Premises Liability (e.g., slip and fall)<br>[ ] A7230 Intentional PI/PD/WD (e.g., assault, vandalism, etc.)<br>[ ] A7220 Other Personal Injury/Property Dam./Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 4. |
| **Non-PI/PD/WD Tort** | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | [ ] A6016 Intellectual Property | 2., 3. |
| | Prof. Negligence (25) | [ ] A6017 Legal Malpractice<br>[ ] A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |

382.2(b)(1)A    76C134
R7/00

**CIVIL CASE COVER SHEET ADDENDUM**
**CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURT LOCATION**

LASC Rule 2.0(d)
Page 1 of 4 pages
LA-461

SHORT TITLE: Lyons v Hrithsmart

CASE NUMBER:

| -1-<br>Civil Case Cover Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons - See Above |
|---|---|---|
| **Non-PI/PD/WD Tort** | | |
| Other Non-PI/PD/WD Tort (35) | ☐ A6025  Other Intentional Tort Complaint (not PI/WD/PD) | 1., 2., 3. |
| | ☐ A6026  Other Tort Complaint Case (not intentional or PI/WD/PD) | 1., 2., 3. |
| **Employment** | | |
| Wrongful Termination (35) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not UD or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Emnt Dom/Inv. Cond. (14) | ☐ A7300  Eminent Domain/Condemnation  Number of parcels ____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not em. domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Det-Comm (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Det-Resid (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Det-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration Award (11) | ☐ A6115  Petition to Compel/Confirm Arbitration | 2., 5. |
| Petition re Arbitration Award (11) | ☐ A6115  Petition to Compel/Confirm Arbitration | 2., 5. |

982.2(b)(1)A
R7/00   79C134

**CIVIL CASE COVER SHEET ADDENDUM**
**CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURT LOCATION**

LASC Rule 2.0(d)
Page 2 of 4 pages

SHORT TITLE: *Lyons v Heathsmart*   NUMBER

| | -1-<br>Civil Case Cover<br>Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Above |
|---|---|---|---|
| **Judicial Review (continued)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Oth. Jud. Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litig.** | Antitrust/Trade Reg.<br>(03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Cnstrction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Clm. Inv. Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litig. (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Tox. Tort/Environm (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Ins Covrage Clms from<br>Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Misc. Civ. Cmplts** | RICO (27) | ☐ A6033  Racketeering Case | 1., 2., 8. |
| | Other Complaints:<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1.,2.,8.<br>1., 2., 8. |
| **Misc. Civil Petitions** | Prtnrshp/Crp. Gov. (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil/Workplace Harassment<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURT LOCATION**

LASC Rule 2.0(d)

| SHORT TITLE: Lyons v. Healthsmart | CASE NUMBER |
|---|---|

-4-

**III. Choose the courthouse:** Enter the address of the accident, party residence or place of business, performance, or other circumstance you have circled in Column 3 as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER YOU CIRCLED IN -3- WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐ 1. ☒ 2. ☐ 3. ☒ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | 2776 Pacific Ave |
| CITY: Long Beach | STATE: CA | ZIP CODE: 90806 |

**IV. Certificate/Declaration of Assignment:** The undersigned hereby certifies and declares that the above entitled matter is properly filed for assignment to the _____ courthouse in the **Central** District of the Los Angeles Superior Court under Section 392 et seq., Code of Civil Procedure and Rule 2(b), (c) and (d) of this court for the reason checked above. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was executed on _December 31, 2009_ at, _Hermosa Beach_ California.
(City)

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

## New Civil Case Filing Instructions

This addendum form is required so that the court can assign your case to the correct courthouse location in the proper district for filing and hearing. It satisfies the requirement for a certificate as to reasons for authorizing filing in the courthouse location, as set forth in Los Angeles Superior Court Local Rule 2.0. It must be completed and submitted to the court along with the Civil Case Cover Sheet and the original Complaint or Petition in ALL civil cases filed in any district (including the Central District) of the Los Angeles County Superior Court. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

### PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk (Summons forms available at the Forms Counter).

3. Civil Case Cover Sheet form required by California Rule of Court 982.2(b)(1), completely filled out (Cover Sheet forms available at the Forms Counter).

4. This "Addendum to Civil Case Cover Sheet" form (Superior Court Form Number 982.2(b)(1)A, revised 7/99), completely filled out and submitted with the Civil Case Cover Sheet. *

5. Payment in full of the filing fee or an Order of the Court waiving payment of filing fees in forma pauperis (fee waiver application forms available at the Filing Window).

6. In case of a plaintiff or petitioner who is a minor under 18 years of age, an Order of the Court appointing an adult as a guardian ad litem to act on behalf of the minor (Guardian ad Litem Application and Order forms available at the Forms Counter).

7. Additional copies of documents presented for endorsement by the Clerk and return to you.

* With the exception of limited civil cases and any civil cases concerning personal injury (including wrongful death) and property damage occurring in this County, Labor Commissioner Appeals, and those types of actions required to be filed in the Central District by Local Court Rule 2(b), all civil actions may be optionally filed either in the Central District or in whichever other court location the rule would allow them to be filed. When a party elects to file a general or unlimited jurisdiction civil action in Central District which would also be eligible for filing in one or more of the other court locations, this form must still be submitted with location and assignment information completed.

1   Rachel Ellis, SBN 195325
    LAW OFFICE OF RACHEL ELLIS
2   3532 Katella Ave., Suite 112
    Los Alamitos, CA 90720
3   Phone (562) 594-9662/Fax (562) 594-0788

4   ATTORNEY FOR: the Defendant, Greg A. Lyons

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY ▮ ▮ 2011

John A. Clarke, Executive Officer/Clerk

By⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| IN RE THE MATTER OF:<br>HEALTHSMART, D.B.A.<br>PACIFIC HOSPITAL OF LONG BEACH,<br>A CORPORATION, acting on behalf of<br>employee, TIA SCHILLER<br><br>Petitioner<br><br>vs.<br><br>GREG A. LYONS<br><br>Respondent | **CASE NO. NS023726**<br>(related to NS023727, NS023728, NS023758)<br><br>MOTION TO DISSOLVE TEMPORARY<br>RESTRAINING ORDERS:<br>DECLARATIONS; MEMORANDUM OF<br>POINTS AND AUTHORITIES;<br>**EXHIBITS A-J**<br><br>Hearing Date: June 9, 2011<br>Time: 8:30 a.m.<br>Court/Division: Long Beach 4<br>Honorable Judge Chet L. Taylor |

## TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Keith Fink & Associates or Keith Fink & Steinberg have filed four (4) temporary restraining orders ('T.R.O's') against Greg A. Lyons regarding the following individuals: attorney Olaf Muller, case no. NS023727, attorney Keith Fink, case no. NS023758 and two employees at HEALTHSMART, d.b.a.PACIFIC HOSPITAL, A CORPORATION ("PHLB"), namely, Tia Schiller (case no. NS023726) and Jennifer Patterson (case no. NS023728). Reissuance of the temporary restraining orders ("T.R.O.s") on April 19, 2011 are attached as **Exhibit A.** Mr. Lyons believes that all TROs should be dissolved for several reasons.

Motion to Dissolve Temporary Restraining Orders  (Code of Civil Procedure §533)
1